# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| ERNEST ANTONIO BARTLEY, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | Case No. CV413-249 |
| v. | ) | CR412-015 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Ernest Antonio Bartley moves for 28 U.S.C. § 2255 relief. CR412-015, doc. 35.[1] Upon preliminary review under Rule 4(b) of the Rules governing 28 U.S.C. § 2255 proceedings, his motion must be denied outright. Bartley pled guilty to drug charges, was sentenced to 151 months in prison, and took no appeal. Doc. 32. His § 2255 motion raises the following grounds (in raw, unedited form, and in their entirety): (1) "My indictment paper didn't match up with my charges"; (2) "My lawyer told me that I was only facing 33-41 months if I plea out to charge. She

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

told me that I was not a career offender so I took the plea and got 12 years 8 months"; (3) "I never seen no video of me on tap. I ask my lawyer to show me and she never did."; (4) "I was inhance off of charges that I did not plea guilty too."

As this Court explained *Newsome v. Danforth*, 2013 WL 3047780 (S.D. Ga. June 17, 2013), those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Id.* at * 1 (citing *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)). Indeed,

> [t]he § 2254 Rules and the [28 U.S.C.] § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a). Coupled with the form petition or motion, the federal rules give the petitioner or movant ample notice of this difference. If, for example, Rule 2(c)(1) and (2) of the § 2254 Rules should cause a petitioner (or his counsel) to doubt what the words "specify all grounds" and "state the facts supporting each ground" mean, the CAUTION contained in paragraph (9) of the "Instructions" should remove such doubt. As the Supreme Court has observed, "[h]abeas corpus petitions must meet heightened pleading requirements, *see* 28 U.S.C. § 2254 Rule

2(c)." *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572, 129 L.Ed.2d 666 (1994).

> The reason for the heightened pleading requirement -- fact pleading -- is obvious. Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (footnote omitted).

That means that Bartley must not just raise, but *argue* his claims. *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect arguments neither made nor advanced by parties."); *id.* at 1285 (a district court "may *not*, however, act as a plaintiff's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation."); *Lee v. Thomas*, 2012 WL 1965608 at *55 (S.D. Ala. May 30, 2012) ("This Court

is constrained not to fill in those blanks or develop petitioner's legal theories for him.").[2] That includes citation to the trial court records:

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. *Cf. Adler v. Duval County School Board*, 112 F.3d 1475, 1481 n. 12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief ... based on facts they did not relate."); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Likewise, district court judges are not required to ferret out delectable facts buried in a massive record, like the one in this case, which was more than 25,000 pages of documents and transcripts.

*Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

It thus remains Bartley's burden to plead and prove his claims, including citation to the trial and any other relevant records. He must plead and ultimately show, for example, that the district court erred in

---

[2] *See also Lemons v. Lewis*, 969 F. Supp. 657, 659 (D. Kan. 1997) (it is not "the court's function to become an advocate for the *pro se* litigant"), *cited in Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb 18, 2009) ("judges must not raise issues and arguments on plaintiffs' behalf").

handling the claims presented here, and also *why* the claimed error in those proceedings supports relief within § 2255's parameters.[3] *Bennett v. United States*, 2013 WL 5406653 at * 2 (S.D. Ga. Sept. 25, 2013) ("Merely mentioning a legal doctrine, however, is not enough. Rather, Bennett must show *how* it applies, and he does not. So, Ground Three is abandoned.") (emphasis added).

About the closest Bartley comes to meeting this standard is with his ineffective assistance of counsel[4] claim in Ground Two: "My lawyer told me that I was only facing 33-41 months if I plea out to charge. She told me that I was not a career offender so I took the plea and got 12 years 8 months." Doc. 35 at 5. But as the *Borden* court reminds, it is not

---

[3] A § 2255 motion is not a substitute for direct appeal, which means the grounds that can be raised within it are limited. A prisoner is entitled to § 2255 relief if the court imposed a sentence that (1) violated the Constitution or laws of the United States; (2) exceeded its jurisdiction; (3) exceeded the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Nickson*, 521 F. App'x 867, 869 (11th Cir. 2013); *Morris v. United States*, 516 F. App'x 882, 883 (11th Cir. 2013).

[4] For ineffective assistance of counsel to provide a basis for federal habeas relief, movant must satisfy the two-part test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show that his counsel's performance was deficient and that it prejudiced his defense. *Id.* To show prejudice, movant need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. *Id.* at 694. A reasonable probability in this context is "a probability sufficient to undermine confidence in the outcome." *Id.* Bartley thus must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. *Id.* at 687. "Surmounting *Strickland* 's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

enough to allege *Strickland's* deficiency prong; movants must also plead facts that meet its prejudice prong. *See Borden*, 646 F.3d at 822 ("Nowhere in his Amended Petition does Borden plead facts that would tend to show that he was prejudiced by his counsel's allegedly deficient performance."). This Bartley has failed to do.

Because all of Bartley's grounds (again, they are presented verbatim above) fail to come anywhere close to meeting these pleading standards, his § 2255 motion (doc. 35) must be **DISMISSED**.[5] Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

---

[5] Bartley is free to proffer an amended petition inside of his Objections, which must be filed within the fourteen days allotted to him by Fed. R.Civ. P. 72(b)(2).

6

**SO REPORTED AND RECOMMENDED** this <u>2nd</u> day of December, 2013.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA